# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ROBERT SANGO,

       Plaintiff,           CIVIL ACTION NO. 08-CV-12709-DT

  vs.

                              DISTRICT JUDGE ARTHUR J. TARNOW

MATT HARPST,           MAGISTRATE JUDGE MONA K. MAJZOUB
et al.,
       Defendants.
_____/

## REPORT AND RECOMMENDATION

**I.**    **RECOMMENDATION:** Plaintiff's Motion for Preliminary Injunction filed on July 17, 2008 (docket no. 4) should be **DENIED**.

**II.**    **REPORT:**

    **A.**    **Facts and Procedural History**

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff is a Michigan prisoner who alleges that Defendant prison officers and officials have retaliated against him for filing a civil action in this court by refusing to give him a prison job. (Docket no. 1). He requests declaratory relief and damages. (*Id*.). Plaintiff requests in his Motion for Preliminary Injunction that this Court order the Department of Correction to transfer him to a different prison to avoid the harassment he says he is presently experiencing. (Docket no. 4). All pretrial matters have been referred to the undersigned. (Docket no. 5). Because this motion concerns injunctive relief, this Court enters this Recommendation rather than an order. *See* 28 U.S.C. § 636(b)(1)(A).

The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). This matter is now ready for ruling.

**B.    Governing Law**

"A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). In deciding motions for a preliminary injunction, the Court considers whether: (1) the movant has shown a strong or substantial likelihood of success on the merits; (2) the movant would suffer irreparable injury without the injunction; (3) the preliminary injunction will cause substantial harm to others; and (4) the public interest would be served by issuance of the injunction. (*Id.*).

**C.    Analysis**

Injunctive relief is reserved for the extraordinary case. *See Overstreet*, 305 F.3d at 573. Plaintiff's allegations are common in prisoner civil rights actions. Plaintiff has failed to show that there is a strong or substantial likelihood that he will prevail in this action. His claims of being harassed, which form the basis for his transfer request, are for the most part innocuous occurrences that may be expected in the prison environment, such as officers "grimacing" at Plaintiff, advising Plaintiff that he cannot wear his sunglasses in the prison library, requiring Plaintiff to pack up his belongings, blocking his passage in the library, and refusing to allow Plaintiff to make photocopies. (Docket no. 4 at 2). Plaintiff also alleges that officers threatened to kill him by making Plaintiff swallow a sock, but there is no allegation that the officers have attempted to act on such a threat. (*Id.*). Moreover, for this Court to interfere with the operation of the state's prison facilities on the facts of this case would cause substantial harm to others. *See Kendrick v. Bland*, 740 F.2d 432, 438

& n.3 (6th Cir. 1984) (courts ill-equipped to deal with problems of prison administration and reform). Finally, the public interest would not be served by granting Plaintiff's request for an injunction. Plaintiff's Motion for Preliminary Injunction should therefore be denied.

### III.  NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response

proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: August 12, 2008         s/ Mona K. Majzoub
                               MONA K. MAJZOUB
                               UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Robert Sango and Counsel of Record on this date.

Dated: August 12, 2008         s/ Lisa C. Bartlett
                               Courtroom Deputy