**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ROBERT SANGO,

       Plaintiff,        CIVIL ACTION NO. 08-CV-12709-DT

vs.

                              DISTRICT JUDGE ARTHUR J. TARNOW

MATT HARPST,            MAGISTRATE JUDGE MONA K. MAJZOUB
J. EATON,

       Defendants.
_____/

**REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION:**    The Motion for Summary Judgment filed by Defendants Harpst and Eaton (docket no. 9) should be **GRANTED**, and this action should be **DISMISSED.**

**II.    REPORT:**

This matter comes before the Court on the Motion for Summary Judgment filed by Defendants Harpst and Eaton. (Docket no. 9). Plaintiff has responded. (Docket no. 11). All pretrial matters have been referred to the undersigned for action. (Docket no. 5). The Court dispenses with oral argument on this motion. E.D. Mich. LR 7.1(e). This matter is now ready for ruling.

    **A.    Facts and Claims**

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff is a Michigan prisoner who alleges that Defendant Harpst, the prison classification director, retaliated against him for filing a civil action (No. 08-10514) in this court by not giving him a prison job. (Docket no. 1 at 3). The only job Plaintiff mentions is that of a tutor position. (*Id*.). Defendant

-1-

Eaton, the prison grievance coordinator, allegedly frustrated Plaintiff's attempt to expose the retaliation by failing to forward Plaintiff's grievance to "Admin. Oversight." (*Id*.). Plaintiff also alleges that these actions were part of a "black listing" practice of retaliation for litigation. (*Id*.).

Defendants move for summary judgment arguing that they could not have retaliated against Plaintiff in the selection of tutors based on Plaintiff's civil action because, among other reasons, they were not aware that the action was filed. (Docket no. 9). Defendants also contend that they are entitled to qualified immunity as to Plaintiff's damages claims because they did not violate any of Plaintiff's clearly established rights. (*Id*.).

Plaintiff responds by adding as the basis for his claim of retaliation, in addition to the filing of his civil action, the filing of his administrative grievance. (Docket no. 11 at 5). Plaintiff does not dispute Defendants' showing that they were never aware of Plaintiff's filing of the civil action he cited in his Complaint because the complaint in that case was not served before the action was dismissed. (Docket no. 11). Plaintiff submits his affidavit stating that Defendant Harpst stated, when Plaintiff asked him why he was "hard balling him on the job," that "it was because I like to file 'paper work' and that I would see how for [sic] the 'grievance' got me." (*Id*. at 3). Plaintiff claims that Defendant Eaton should have allowed Plaintiff to clarify his grievance before dismissing it for being vague. (*Id*. at 5). Plaintiff submits statements from fellow prisoners stating that they have been allowed to clarify their grievances and that they were given prison jobs even when they had not requested a job. (Docket no. 11, attachments).

**B.     Standard**

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and

that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox County Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000). Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. (*Id.*). A mere scintilla of evidence is insufficient to defeat a supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

    **C.**    **Analysis**

        **1.**    **Retaliation for Litigation**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or federal laws and must show that the deprivation was caused by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Retaliation based upon a prisoner's exercise of his constitutional rights, such as for filing a civil action, violates the Constitution. In order to state such a claim for relief, Plaintiff must establish that: (1) he engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). Alleging merely the ultimate fact of retaliation is insufficient; conclusory allegations of retaliatory motive fail to state a claim for relief. *McCreary v. Ackerman*, 2006 WL 3613282, slip copy at *5 (W.D. Mich. Dec. 8, 2006).

Defendants have shown that they are entitled to summary judgment on Plaintiff's claim that they retaliated against him because of Plaintiff's civil action, No. 08-10514. Defendants show that Civil Action No. 08-10514 was filed on February 5, 2008 and dismissed on March 7, 2008 before service of the complaint on any defendant because Plaintiff failed to pay the filing fee or submit a proper IFP application. (Docket no. 9, exs. D, E). Defendants state in their affidavits that they were not aware of that action being filed. (*Id*. exs. A, B). In addition, that action named only one defendant, Warden Bell. Plaintiff has submitted no evidence that Defendants were aware of that civil action at the time that he was denied the prison job as a tutor. Because Defendants were not aware of the action, they could not have retaliated against Plaintiff based upon it.

Defendants also show that at the time that Plaintiff requested placement in the tutor pool, the only work assignment he requested, there were 20 others already on the list ahead of Plaintiff. (Docket no. 9 ex. A). Since Plaintiff was placed on the list only two persons have been hired as tutors. (*Id*.). Plaintiff alleges that he was specially qualified for the position because he speaks Spanish. (Docket no. 11 at 3). However, there is no showing that other prisoners were not equally qualified. Plaintiff has therefore failed to establish a genuine issue of material fact on the causation element of the prima facie case for retaliation. Defendants are entitled to judgment as a matter of law on this claim. *Thaddeus-X*, 175 F.3d at 394.

### 2. Retaliation for Administrative Grievance

Plaintiff seeks in his Response to create a genuine issue of material fact on the question of whether Defendants retaliated against him due to his filing of an administrative grievance. (Docket no. 11). However, Plaintiff failed to include this claim in his Complaint. (Docket no. 1). Plaintiff's Complaint clearly alleges retaliation only because of his filing of his civil action in federal court.

(*Id*. at 3) ("I'm being retaliated against for filing a claim (case number: 08-10514) in this court"). With respect to his grievance, Plaintiff alleges in his Complaint only that Defendant Eaton failed to forward the grievance in an alleged attempt to frustrate Plaintiff's attempt to expose "said retaliation" based on his filing his civil action. (*Id*.). Therefore, Plaintiff's attempt to create a genuine issue of material fact on whether he was retaliated against because he filed a grievance does not preclude the entry of summary judgment for Defendants. Because Plaintiff fails to show that Defendant Eaton acted in an attempt to retaliate for the civil action, Defendant Eaton's alleged actions in frustrating the filing of Plaintiff's grievance fail to state a claim for relief under section 1983. *Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (no federal right to file grievances).

### III. NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: October 02, 2008                        s/ Mona K. Majzoub
                                                    MONA K. MAJZOUB
                                                    UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Robert Sango and Counsel of Record on this date.

Dated: October 02, 2008                        s/ Lisa C. Bartlett
                                                    Courtroom Deputy